590 A.2d 366

**In re the ESTATE OF G. Robert BILGER.**

**Appeal of Josephine T. BILGER.**

Superior Court of Pennsylvania.

Argued Jan. 9, 1991.

Filed May 7, 1991.

Adam B. Krafczek, Reading, for appellant.

Joseph Nelabovige, Hamburg, for G. Robert Bilger, Inc., participating party.

Before WIEAND, MONTEMURO and HESTER, JJ.

WIEAND, Judge:

May the sole heir who has joined with the administrator of a decedent's estate in executing a lease of real estate for a period of ten years maintain a subsequent action to have the lease declared null and void because it was not approved by the Orphans' Court as required by the provisions of 20 Pa.C.S. § 3352? The Orphans' Court in Berks County held that the heir's action to set aside the lease was procedurally

and substantively defective and dismissed the action. After careful review, we affirm.

G. Robert Bilger died intestate on January 26, 1986, leaving his mother, Josephine Bilger, as his only heir. Letters of administration were issued to Evan R. Bilger, the decedent's brother. On or about November 7, 1986, the administrator, Evan Bilger, and the sole heir, Josephine Bilger, sold all the common stock of G. Robert Bilger, Inc., a corporate automobile agency, to Barry Hawkins, Stephen Moyer, Keith Weiser, and David Gift. The sellers also leased to the corporation for a ten year term, with an option to renew for another ten years, the real estate which had been owned by the decedent and on which the agency's business had been conducted.

In January, 1987, Evan Bilger was removed as administrator of the estate, and letters of administration d.b.n. were issued to the National Bank of Boyertown. The bank filed the last of five accounts on January 12, 1989. On May 1, 1989, Josephine Bilger filed in the Orphans' Court a "Petition to Set Aside Lease" in which the named respondent was G. Robert Bilger, Inc. It was alleged in this petition that the lease, being in excess of one year in duration, should have been approved by the Orphans' Court, as required by the Probate, Estates and Fiduciaries Code. Because this had not been done, the petitioner contended, the lease was null and void. A hearing on her petition was held on June 30, 1989, after which the trial court dismissed the same. The court concluded that the petition was procedurally inappropriate and substantively lacking in merit. The petitioner appealed.

We find it unnecessary to unravel the procedural confusion caused by appellant's untimely petition. Instead, we affirm on substantive grounds.

Subject to an administrator's power to administer the same, legal title to the real estate of a decedent passes at death to his or her heirs. 20 Pa.C.S. § 301(b). When administering an estate, an administrator is permitted by 20

Pa.C.S. § 3352, to lease real estate "for a term expiring not more than one year after the decedent's death unless it is terminable by the [administrator] at any later time on 30 days' notice, or unless a longer term is approved by the court." This section of the statute was intended to permit the administrator to administer real estate owned by a decedent without undue delay so that the estate could be settled with reasonable celerity. It was also intended to create a stable procedure for disposition of the decedent's realty and certainty in the marketability of the title thereto. *Quality Lumber & Millwork Co. v. Andrus*, 414 Pa. 411, 419, 200 A.2d 754, 759 (1964).

In the instant case, both the sole heir and the administrator of the decedent's estate joined in executing the lease which only the heir now seeks to challenge. This suggests that (1) the administrator did not require continued possession of the real estate in order to administer the estate of the decedent; and (2) the sole heir and legal titleholder of the real estate was willing to encumber it according to the terms of the written lease which she executed.

Appellant, as heir, is bound by this agreement of lease. She cannot escape the terms of her agreement by asserting that she did not understand what she was signing. *Bollinger v. Central Pennsylvania Quarry Stripping and Const. Co.*, 425 Pa. 430, 229 A.2d 741 (1967). Similarly, she cannot escape the terms of the lease by contending that the agreement was imperfectly executed. For more than two years she accepted the benefits of her agreement and will not now be heard to say that it was invalid because the administrator of the estate acted without court approval. Legal title to the real estate, as we have observed, passed to the decedent's heir, and she could thereafter deal with it as her own. The administrator has not contended that the lease impaired its ability to administer the decedent's estate and has not joined in requesting the court to declare the lease null and void. Instead, it is the heir and only the heir who, believing there to be economic benefits to be derived

from setting aside the lease, attempts to take advantage of the failure to obtain court approval of the administrator's act in order to avoid her own agreement. This she cannot do. She is bound by her valid contract, and the courts will not assist her in setting it aside.

Order affirmed.